UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
MYSHETTIA REID,                              :
an individual,                               :    CASE NO.:
                                             :
         Plaintiff,                          :
                                             :    Judge:
vs.                                          :
                                             :
SUMMIT CLAIBORNE, LLC                        :    Magistrate:
a Louisiana Limited Liability Company,       :
                                             :
         Defendant.                          :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, MYSHETTIA REID, by and through her undersigned counsel, hereby files this Complaint and sues SUMMIT CLAIBORNE, LLC, a Louisiana Limited Liability Company, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.  Plaintiff, MYSHETTIA REID, (hereinafter referred to as "MS. REID" or "PLAINTIFF"), is a resident of Orleans Parish, Louisiana.

4. MS. REID is a qualified individual with a disability under the ADA. MS. REID is a stroke victim.

5. Due to her disability, PLAINTIFF is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant SUMMIT CLAIBORNE, LLC is a Louisiana Limited Liability Company currently registered to do business in the State of Louisiana (hereinafter referred to as "DEFENDANT"). DEFENDANT is the owner, lessee, lessor and/or operator of the real properties and improvements which is the subject of this action, to wit: Family Dollar, generally located at 3157 St. Claude Avenue, New Orleans, LA 70117. The DEFENDANT is obligated to comply with the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. PLAINTIFF realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property is a place of public accommodation, subject to the ADA, generally located at: 3157 St. Claude Avenue, New Orleans, LA 70117.

10. MS. REID has visited the Property numerous times and plans to visit the Property again in the near future.

11. During these visits, MS. REID experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 14 of

this Complaint.

12. MS. REID continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MS. REID intends to and will visit the Property to utilize the goods and services in the future, but fears that she will encounter the same barriers to access which are the subjects of this action.

14. DEFENDANT is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against PLAINTIFF due to, but not limited to the following violations which PLAINTIFF personally observed and/or encountered which hindered her access:

    A. There is no compliant access aisle from the street to the facility;

    B. There are ramps at the facility that do not have level landings and/or contain excessive slopes; and

    C. There is no compliant disabled restroom signage.

15. Furthermore, DEFENDANT continues to discriminate against PLAINTIFF, and others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. To date, all barriers to access and ADA violations still exist and have not been remedied or

altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

17. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

19. Removal of the barriers to access located on the Property would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

20. Independent of his intent to return as a patron to the Property, PLAINTIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action. PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A.    That this Court Declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

    B.    That this Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That this Court enter an Order directing DEFENDANT to evaluate and neutralize its

policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
757 St. Charles Ave., Suite 304
New Orleans, Louisiana 70130
T: 504-619-9999
F: 504-592-3300

By:_____
Andrew D. Bizer