UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MYSHETTIA REID                                       CIVIL ACTION

v.                                                   NO. 12-845

SUMMIT CLAIBORNE, LLC                                SECTION F

ORDER AND REASONS

Before the Court is third-party defendant AARD NOLA St. Claude, LLC's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

Background

This dispute arises from the use of property that is allegedly noncompliant with the American with Disabilities Act.

On March 30, 2012, Myshettia Reid sued Summit Claiborne, LLC in this Court, alleging that Summit violated the American with Disabilities Act as the owner, lessee, lessor, and/or operator of the property located at 3157 St. Claude Avenue in New Orleans, on which a Family Dollar store is located. Specifically, Reid alleges that the property is noncompliant with the ADA because of certain architectural barriers, including a noncompliant access aisle from the street to the facility, noncompliant disabled restroom signs, and ramps that do not have level landings and contain excessive slopes. The property in question was sold to Summit by AARD NOLA St. Claude, LLC and Mainstream Development LLC in or about December 2008.

1

On August 20, 2012, Summit filed a third-party complaint, naming AARD NOLA and Mainstream Development as defendants, asserting that Summit is entitled to contribution or indemnity from AARD NOLA and Mainstream with respect to any and all amounts for which Summit may be held liable.  AARD NOLA now moves for summary judgment as to all of the third-party plaintiff's claims.

## I. Legal Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v.

Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II.  Discussion

Summit alleges that it is entitled to "contribution and/or indemnity" from AARD NOLA.  As a threshold matter, the Court finds, based on the record before it, that AARD NOLA has no contractual duty to indemnify Summit for its potential liability to Ms. Reid.[1]  This does not preclude AARD NOLA from liability,

---

[1] The purchase agreement and other relevant documents fail to include an express indemnity clause.  Summit contends that the purchase agreement nonetheless imposes indemnity because under the "purchaser's remedies" section, the agreement states:
> In the event that any warranty or representation of Seller contained in this Agreement shall prove to be untrue in any material respect . . . Purchaser, at Purchaser's option, may either (1) declare this Agreement terminated . . . or (ii) exercise any and all rights and remedies available to Purchaser at law and in equity, including, without limitation, the right of specific performance.

Rec. Doc. 37-3 at 11-12.  For reasons more fully explained herein, this provision is not implicated, because no genuine

however.  A duty to indemnify may be implied-in-law, and such a duty arises only "where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed. . . .[T]he party seeking indemnification must be without fault."  <u>Nassif v. Sunrise Homes, Inc.</u>, No. 98-3193 (La. 6/29/99); 739 So. 2d 183, 185.  Therefore, indemnity in this case turns on whether AARD NOLA was at fault, because, viewing the facts in a light most favorable to the plaintiff, the Court assumes that Summit is without fault for purposes of this motion.

    Specifically, Summit alleges that indemnity should be imposed because (1) pursuant to a lease with Family Dollar, AARD NOLA was responsible for ensuring ADA compliance at the time of the sale of the property to Summit; (2) AARD NOLA affirmatively represented to Summit that the property was ADA compliant; (3) AARD NOLA knew of the alleged noncompliance and failed to advise Summit of it; and (4) an important part of the purchase was the condition that the property was ADA compliant.  The Court addresses each allegation in turn, and finds that summary judgment in favor of AARD NOLA is appropriate.

---

material issue of fact exists as to whether AARD NOLA breached a warranty or representation contained in the purchase agreement. Therefore, the agreement does not impose a contractual duty to indemnify.

A.

Summit first contends that AARD NOLA was the landlord on a lease with Family Dollar at the time of the property purchase, and that the lease purports the property is compliant with the ADA. Summit asserts that because the purchase agreement between Summit and AARD NOLA makes numerous references to this lease, it is clear that the terms of the lease are part of the purchase agreement.

Under Louisiana law, "interpretation of a contract is the determination of the common intent of the parties." La. Civ. Code art. 2045. The interpretation of an ambiguous contract is an issue of law for the court to decide. Amoco Prod. Co. v. Tex. Meridian Res. Exploration Inc., 180 F.3d 664, 668 (5th Cir. 1999). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. "In addition, a contract provision is not ambiguous where only one of two competing interpretations is reasonable or merely because one party can create a dispute in hindsight." Tex. E. Transmission Corp. v. Amerada Hess Corp., 145 F.3d 737, 741 (5th Cir. 1998).

Turning to the relevant contract provisions in this case, the Family Dollar lease states:

> Landlord will ensure that the Demised Premises and all parking, service and access areas will be designed and

> constructed in accordance with the Standards for Accessible Design for new construction included in Appendix A to the Title III implementing regulations of the Americans with Disabilities Act of 1990. Upon completion of construction, Landlord (either on its own or through its architect, engineer or contractor) will certify that the Demised Premises, including the parking, service and access areas, meet said standards by signing and sending to Tenant a certificate in the form attached to this lease as Exhibit C – ADA Certification.

Rec. Doc. 39-3 at 5. With regard to leases, the purchase agreement between Summit and AARD NOLA provides:

> There are no leases affecting the Property, oral or written, except those Seller has disclosed to Purchaser and identified in Section 1.3 hereof. Seller is or shall be the lessor under the Lease as of the Closing Date. Copies of the Leases, which have been delivered to the Buyer are, to Seller's knowledge, true, correct and complete copies thereof, subject to the matters set forth on the Rent Roll.

Rec. Doc. 37-3 at 6. Section 1.3 of the purchase agreement states that the "lease" shall consist of the "Lease Agreement dated June 12th, 2007, by and between Mainstream Development, LLC, as landlord, and Family Dollar Stores of Louisiana, Inc. ("Tenant"), as tenant, as the same has been amended by the First Amendment dated June 26, 2008 and Second Amendment dated August 3, 2008." Rec. Doc. 37-3 at 2.

Summit points to no text of the purchase agreement that incorporates the lease terms so as to make them part of the purchase agreement; rather, Summit contends that the references to the lease effectively incorporate the lease's terms into the purchase agreement. As a general rule of contract law, separate

documents may be incorporated into a contract by attachment or reference.  See, e.g., Russellville Steel Co., Inc. v. A&R Excavating, Inc., 624 So. 2d 11, 13 (La. App. 5 Cir. 1993).  Even assuming that the Court was persuaded that the purchase agreement's few references to the lease were sufficient to incorporate the Family Dollar lease by reference, AARD NOLA is not listed on the Family Dollar lease.  Mainstream Development is the landlord on the lease, and Family Dollar is the tenant.  Therefore, any alleged warranties in the Family Dollar lease were made by Mainstream (the landlord) only to Family Dollar (the tenant).  In addition, any continuing obligation to ensure compliance with the ADA was assumed by Summit during the property purchase.  See Rec. Doc. 39-3 at 32.

The fact AARD NOLA stated in the purchase agreement that "[c]opies of the Leases, which have been delivered to the Buyer are, to Seller's [k]nowledge, true, correct and complete copies thereof" does not defeat the Court's finding here.  The plain language indicates that "to Seller's knowledge," the **copies** of the leases were true.  It seems a distortion to say this equates with a representation of the landlord's compliance with lease obligations.

Therefore, even construing the facts in a light most favorable to the plaintiff, no genuine dispute exists as to whether AARD NOLA, through the Family Dollar lease, warranted ADA

compliance.

B.

The allegation that AARD NOLA affirmatively represented to Summit that the property was ADA compliant is also without merit.

The plain terms of the purchase agreement indicate that any warranties and representations made by AARD NOLA with respect to the sale of the property did not encompass ADA compliance. The purchase agreement states, "Purchaser acknowledges that Seller is making no representation or warranty as to the information or accuracy thereof disclosed in the Survey and Reports. Seller is transferring to Purchaser the Property *without warranty* except to title." Rec. Doc. 37-3 at 3 (emphasis added). Further, the purchase agreement provides:

> This *Agreement supersedes all prior discussions and agreements* between Purchaser and Seller with respect to the purchase and sale of the Property. This *Agreement contains the sole and entire agreement and understanding* between Purchaser and Seller with respect to the purchase and sale of the Property, and *there are no agreements, understandings, warranties or representations* between Purchaser and Seller *other than those set forth herein with respect thereto.* This *Agreement may not be altered, enlarged, modified, or changed except by a writing* executed by Purchaser and Seller.

Rec. Doc. 37-3 at 12 (emphasis added). The enumerated representations and warranties in the purchase agreement are exhaustive, and, significantly, ADA compliance is not listed. As a result, any assertion that AARD NOLA made representations to Summit about ADA compliance fails to create a dispute as to a

8

material issue of fact, because in the purchase agreement (which by its plain terms supersedes all discussions and is the sole and entire agreement) Summit agreed that no representations about ADA compliance were made.

This is further supported by the record, because the cash sale document states that the sale of the property was done "'As Is, Where Is,' without any warranties of any kind whatsoever." Rec. Doc. 37-4 at 15.  The cash sale document goes on to state:

> Purchaser acknowledges and declares that neither the Seller nor any party whomsoever, acting or purporting to act in any capacity whatsoever on behalf of the Seller has made any direct, indirect, explicit or implicit statement, representation or declaration, whether by written or oral statement or otherwise, and upon which Purchaser has relied, concerning the existence or non existence of any quality, characteristic or condition of the property herein conveyed.

Rec. Doc. 37-4 at 14.  Accordingly, the plaintiff's allegation that AARD NOLA made affirmative representations about ADA compliance fails.

### C.

Summit also alleges in its complaint that AARD NOLA "knew or should have known" about the "risk associated" with the property's ADA noncompliance, and despite having this knowledge, AARD NOLA failed to advise Summit.  AARD NOLA asserts that there is no authority for such a delictual obligation, and Summit apparently concedes this point:  Summit fails to provide any

9

argument or evidence to support this allegation. Accordingly, this basis for indemnity is also without merit.

*D.*

Last, Summit asserts that an important part of the purchase was the condition that the property was in compliance with the ADA. For support, Summit submits an affidavit of record by Wendy Yeh, a member of Summit, who states that she relied on the representations made by AARD NOLA about the property's ADA compliance. Again, as already emphasized, the purchase agreement plainly supersedes all prior discussions and agreements. Moreover, the purchase agreement contains the sole and entire agreement and understanding between the parties, and there are no other agreements, understandings, warranties or representations not included in the purchase agreement. Any alteration to the purchase agreement must be in writing. Summit provides no other evidence to raise a genuine dispute.

Accordingly, AARD NOLA's motion for summary judgment is GRANTED.

New Orleans, Louisiana, February 6, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE